In the Matter of the Application of PUBLIC WELFARE PICTURES CORPORATION, Petitioner, for a Certiorari Order against CHESTER S. LORD and Others, Constituting the Regents of the University of the State of New York, and Another, Respondents.

Third Department, June 22, 1928.

*Aufsesser, Murray & Pedlow* [*Frank Pedlow* of counsel], for the petitioner.

*Ernest E. Cole,* counsel for State Education Department, and attorney for the defendants.

WHITMYER, J.   This is a certiorari to review the determination of defendants in refusing to issue a license for the exhibition of a motion picture film entitled " The Naked Truth." The picture traces the lives of three young men from boyhood to manhood and is intended to portray the dangers and results of association with lewd women. It shows a male and female in the nude and, among other things, the progress of different venereal diseases and the effects thereof. Petitioner claims that it is educational. Defendants answer that it is obscene and indecent. Several applications for a license and several examinations have been made. The first application was made in November, 1926, to the former Motion Picture Commission. That was for an unlimited and unconditional license, and was unanimously denied on the finding that the picture was obscene and indecent. Jurisdiction of the subject-matter having been transferred to the State Education Department on January 1, 1927, pursuant to article 11 of the State Departments Law (as added by Laws of 1926, chap. 544), application was thereupon made to the motion picture division of the department for a limited or conditional license to exhibit to audiences of males and females over sixteen years of age, separately. Thereafter, the official reviewers of the division, the director of the division, and the Assistant Com-

missioner of Education, separately, reviewed it and condemned it for the reasons stated. This proceeding followed. Section 1082 of the Education Law (as added by Laws of 1927, chap. 153) provides that the director of the division or, when authorized by the Regents, the officers of a local office or bureau, shall cause every motion picture film, which may be submitted, to be promptly examined and issue a license therefor, unless it or a part thereof is obscene, indecent, immoral, inhuman, sacrilegious, or of such a character that its exhibition would tend to corrupt morals or to incite to crime. And section 1084 (as added by Laws of 1927, chap. 153) provides that an applicant for a license or permit shall have the right of review by the Regents, if his application is denied, and that " a determination upon such review refusing a license shall be reviewable by certiorari at the instance of the applicant." The kind of review is not specified, but there is nothing to indicate that it was the intention to require a screening before the court and it seems clear that it was the intention to provide a way to correct an erroneous decision so as to prevent injustice, in cases where it appears that the reviewing officers have acted arbitrarily or capriciously, or have otherwise abused their discretion. Here, it is not alleged and it does not appear that the examining officials acted in bad faith, or capriciously, or arbitrarily, or without reasonable grounds for apprehending that public morality, decency, or welfare would be endangered. (*Message Photo-Play Co., Inc.,* v. *Bell,* 179 App. Div. 13, 19; *Matter of Whitten,* 152 id. 506, 511; *Genesee Recreation Co.* v. *Edgerton,* 172 id. 464, 466; *Pathe Exchange, Inc.,* v. *Cobb,* 202 id. 450.) There is only a difference of opinion as to the character of the picture. That is a question of fact, the determination of which has been committed to the Education Department. There is evidence to support its determination. And it is not a case where, upon all the evidence, there was such a preponderance the other way that the verdict of a jury to the same effect, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence. (Civ. Prac. Act, § 1304.) It is unnecessary to determine whether or not a limited or conditional license may be granted in a proper case, since the determination here is that the picture should not be exhibited at all.

Thus, there is no question for review. The determination should be confirmed.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.